JOHNSON v. FRANKLIN.

McGILL v. FRANKLIN.

Deed—Fraud.—Finding that quit claim deeds sought to be set aside were not obtained by fraud and misrepresentation, sustained.

Before Watts, J., Laurens, December, 1899. Affirmed.

Action to set aside and cancel deeds, two cases: (1) E. Olivia Johnson against Charles E. Franklin; (2) R. E.

McGill against same. From Circuit decree, plaintiffs in both actions appeal.

*Messrs. Duncan &amp; Sanders* and *Ferguson &amp; Featherstone,* for appellants.

*Mr. N. B. Dial,* contra, cites: *In order to set them aside, it must appear that deeds were obtained by coercion:* 4 Moak Eng. R., 694; 5 Strob., 192.

Aug. 2, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. The complaint in the two cases above named, each for itself, sets out that on the death of Mrs. Martha E. Franklin, intestate, about the year 1896, she was childless, and that her estate fell to her heirs at law, to wit: one-half to her husband, Charles E. Franklin, and the remaining half was divisible into five shares, to wit: one-fifth of one-half to James E. Davis, her brother; one-fifth of one-half to her sister, Sallie McGill; one-fifth of one-half to Rachel McGill; one-fifth of one-half to the plaintiff, E. Olivia Johnson, as the sole heir at law of Mrs. Margaret Moore, deceased, who was a sister of said Martha E. Franklin, and the remaining one-fifth of one-half to Johnnie White and Fannie White, as the sole heirs at law of Mrs. Caroline White, deceased, who was a sister of Mrs. Martha E. Franklin; and that at the death of the said Martha E. Franklin, she was seized as of fee of 263 acres of land, known as the Underwood, and part of the Mary Holland tract, in Hunter's township, in Laurens County, S. C.; also 3 1-2 acres of land in the town of Clinton, S. C., which said lands vested in the heirs at law previously named. That the defendant, Charles E. Franklin, by false and fraudulent representation, induced each of these plaintiffs, without any consideration, to execute and deliver to the said defendant their respective deeds for all and singular the aforesaid real estate, by falsely and fraudulently representing to the plain-

tiffs that the lands covered by the said deeds was not land in which the plaintiffs owned any interest, and that said defendant, Charles E. Franklin, kept from the knowledge of each plaintiff that each one of them did own an interest in said lands, thereby misleading and deceiving the plaintiffs, so that each one executed a deed for said lands to the defendant. The prayer of the complaint was that the defendant be required to deliver up said deeds for cancellation, and to account for the shares of any lands sold after the execution of their deeds.

The defendant by his answer in each case admitted all the allegations of the complaint, except as to the absolute ownership of said lands by his wife, Mrs. Martha E. Franklin, and also except any charge of fraud by him practiced or committed in obtaining a deed from each plaintiff to her interest in all the lands to which his wife had the legal title at her death. By an order of Court, the testimony was taken by C. D. Barksdale, a special referee. When the cause came on for a hearing before Judge Watts, the testimony and pleadings were relied upon; but the Circuit Judge held in unqualified terms that Charles E. Franklin had practiced no fraud of any character whatsoever upon the two plaintiffs. On the contrary, he held that these plaintiffs were not minors, lunatics or idiots, nor was Charles E. Franklin their trustee, and that he neither lied to them in obtaining the two deeds made to him by the plaintiffs, or did he suppress any facts in reference to the matter. Further, the Circuit Judge found, and so held, that the plaintiffs were not entitled to have said deeds cancelled, but he required, in the exercise of his discretion, sitting as a chancellor, that the defendant should pay a part of the costs.

The plaintiffs now appeal on the following grounds: "I. Because the Circuit Judge erred in finding, as a fact, that defendant, Franklin, did not obtain the quit claim deeds by false and fraudulent representations. II. Because he erred in finding, as a fact, that the plaintiffs parted with their interests in the lands described in the complaint, after being

fully informed as to their rights in the premises. .III. Be-
cause he erred in finding that all the property was paid for
by the defendant, and that the plaintiffs, prompted by a gen-
erous impulse, after the matter was fully explained to them,
readily gave him the quit claim asked for, but were after-
wards induced by their brother to bring these actions.    IV.
Because he erred in holding that Franklin did not 'lie' to
them in obtaining these deeds, nor suppress any facts.    V.
Because he erred in not holding that the said deeds were ob-
tained by defendant by false and fraudulent misrepresenta-
tions, without consideration, and now, therefore, null and
void."

   The duty rests upon the appellants to show to us that the
preponderance of the testimony is in favor of the plaintiff's
*version* of these transactions.    The moneys received by Mrs.
.Martha E. Franklin were just before the war of 1862 and
1865, during the war, and a little sum in the year 1867.    At
these dates, all these moneys were covered by the marital
rights of Charles E. Franklin.    It is not shown that during
the past twenty years Mrs. Martha E. Franklin had a dollar
to pay for these lands.    Nobody knew these facts better than
Mrs. McGill, for she was Mrs. Franklin's sister.    Her hus-
band, the defendant, Charles E. Franklin, although not in
debt, but openly before all the world had the titles to these
lands made out in his wife's name.    They had but one child,
a boy.    The love of his mother for this, her only child, was
shown in expending what money she had on his education;
but five years ago he passed from this earth, and his mother
endured the separation but for a few years, when she joined
him.    It was perfectly proper for these plaintiffs to execute
these quit claim deeds.    No doubt, as the Circuit Judge sug-
gests, these lawsuits were suggested by J. A. Davis, who re-
quired Franklin to pay him $300 before he would execute
his quit claim deed to these lands.    Franklin's testimony is
clear and explicit, showing that these ladies signed the deeds
in question after a full explanation from him as to how Mrs.
Martha E. Franklin had obtained a title to these lands, in the

first instance.    It is apparent from the testimony that the deeds were not signed in a corner, so to speak, for Mrs. Johnson was living with her son-in-law, and he accompanied her to the magistrate's office where she signed the deed. Mrs. R. E. McGill and her husband, A. McGill, talked this matter over with Mr. Franklin before she signed the deed. What haste has appeared on the part of Charles E. Franklin to obtain these deeds may be explained by his anxiety to hold Mr. Copeland to his offer of $3,000 for land that cost only $500, when purchased by Franklin.    Fraud is a serious charge, it is a terrible charge, and all authorities concur in requiring proof before it is sustained.    We are like the Circuit Judge, we cannot blast this man's character upon the testimony here adduced.    These exceptions must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed in each of the actions here heard together, and that the clerk of this Court do send down a remittitur in each of the causes.